IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PAUL C. CLARK, | * |
| Plaintiff, | * |
| v. | *   Civil Case No. 1:22-cv-02892-SAG |
| DOCUSIGN, INC., | * |
| Defendant. | * |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff Paul C. Clark ("Plaintiff") filed this declaratory judgment action against DocuSign, Inc. ("DocuSign") in Maryland state court, seeking a declaratory judgment relating, *inter alia*, to Plaintiff's alleged possession and use of DocuSign's confidential or proprietary information. ECF 3. DocuSign removed the case to federal court. ECF 1. Now pending is Plaintiff's motion to remand the case to state court, ECF 16. This Court has reviewed the motion and the related briefing. *See* ECF 19, 20. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Plaintiff's Motion to Remand will be denied.

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

DocuSign, a California company, offers products and services relating to electronic agreements. ECF 5-2 ¶ 3. Plaintiff is a Maryland resident. ECF 5 ¶ 3. In 2013, DocuSign retained Plaintiff to serve as an expert witness in two patent infringement lawsuits. ECF 5-2 ¶¶ 10–13. Independently, between 2014 and 2018, Plaintiff obtained a series of U.S. Patents for technology relating to DocuSign's products. *Id.* ¶¶ 18–20.

The parties' dispute now encompasses three federal lawsuits. On April 12, 2021, Plaintiff sued DocuSign for patent infringement in the United States District Court for the District of

Columbia, *Paul C. Clark v. DocuSign*, Civ. No. 21-cv-1007-DLF in D.D.C. ("the Patent Case"). *Id.* ¶ 5. In that case, Plaintiff alleges that DocuSign's electronic signature product infringes his patents. *Id.* DocuSign's motion to transfer the Patent Case to the Northern District of California was granted in November, 2022. *See* Civ. No. 3:22-cv-07181-WHO in N.D.Ca.

On June 22, 2021, DocuSign sued Plaintiff in *DocuSign v. Paul C. Clark*, Civ. No. 3:21-cv-4785-WHO in the Northern District of California ("the CA Case"), alleging that Plaintiff concealed the evidence of his patents during his work for DocuSign and possessed and used DocuSign's confidential information to shape and prosecute his patents. ECF 5-2 ¶¶ 24–25. DocuSign alleges damages in the CA Case exceeding $75,000. *Id.* ¶ 39.

On September 23, 2022, Plaintiff filed the instant action ("the Declaratory Judgment Case"). ECF 3. His Amended Complaint states, "This action arises of Defendant DocuSign's wrongful assertions that Dr. Clark received confidential and privileged information relating to DocuSign's business practices and products from DocuSign that he used to [sic] in the prosecution of his patents. . . ." *Id.* ¶ 1. The Amended Complaint expressly acknowledges that DocuSign "set forth this controversy, at least in part, in Defendant DocuSign's Second Amended Complaint for Fraud and Breach of Contract" in the CA Case. *Id.* ¶ 1 n.1.

## II. LEGAL STANDARD

Federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction exists where there is "complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68

(1996)). Diversity jurisdiction also requires that the amount in controversy exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

Courts "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Receivership Estate of Mann Bracken, LLP v. Cline*, Civ. No. RWT-12-0292, 2012 WL 2921355, *2 (D. Md. 2012) (quoting *Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, 807 F. Supp. 2d 375, 378 (D. Md. 2011)). As the Fourth Circuit has explained, "The burden of establishing federal jurisdiction is placed upon the party seeking removal. . . . Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction. . . . If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted). Nevertheless, because the decision to remand is largely unreviewable, district courts should be cautious about denying a defendant access to a federal forum. *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 988 F. Supp. 913, 914–15 (D. Md. 1997).

### III.   ANALYSIS

DocuSign contends that federal jurisdiction over this Declaratory Judgment Case is appropriate on two bases: diversity jurisdiction and federal question jurisdiction. Beginning with diversity jurisdiction, the parties do not contest that diversity of citizenship is present between DocuSign, a California company, and Plaintiff, a Maryland resident. Instead, they dispute whether the amount in controversy element is satisfied.

In cases like this, where a plaintiff seeks only declaratory relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm.*, 432 U.S. 333, 347 (1977). That value is measured from either the perspective of the plaintiff or the defendant. *Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964); *see also Liberty Mut. Fire Ins. Co. v. Hayes*, Civ. No. 96-cv-2384, 1997 WL 568673, at *3

(4th Cir. Sept. 15, 1997) (looking to "the potential pecuniary effect that a judgment would have on either party to the litigation"). It is immaterial that Plaintiff's Declaratory Judgment Complaint does not allege an amount in controversy because where a "complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). Here, the notice of removal states, "Pursuant to 28 U.S.C. § 1446(c)(2)(A)(i), the amount in controversy is satisfied at least because this controversy is substantially related to matters pending in the United States District Court for the Northern District of California which seek damages in excess of $75,000.00 as well as the retention of Dr. Clark as an expert witness for which he routinely charges fees in excess of $75,000.00." ECF 1 ¶ 7.

Plaintiff's Amended Complaint is abundantly clear that its purpose is to obtain declaratory relief refuting the allegations DocuSign made in its CA Case. *See* ECF 5 ¶ 26 (alleging that "[a]n actual and justiciable controversy exists based upon DocuSign having accused Dr. Clark of misusing confidential, proprietary and privileged information in DocuSign's California Complaint"). Plaintiff even specifically seeks a declaratory judgment "that DocuSign's allegations that Dr. Clark used confidential, proprietary and privileged information . . . to formulate a belief regarding infringement of his patents, have been made in bad faith." *Id.* ¶ 31. In other words, if Plaintiff were to obtain his desired declaratory relief, the ability of DocuSign to prevail in its CA Case would be hampered or eradicated. Logically, then, the value to DocuSign of the declaratory relief sought by Plaintiff is the value it seeks through its CA Case. That value, based on the face of the complaint in that case, exceeds $75,000. ECF 5-2 ¶ 39 (alleging, in relevant part, that the amount in controversy in the CA Case exceeds $75,000 because DocuSign paid more than $90,000 to Plaintiff for "conflict-free engagement" it alleges it did not receive).

Other courts have employed the same analysis in cases where a declaratory judgment action has been filed to counter allegations made in a parallel or underlying lawsuit. *See, e.g.*, *Indian Harbor Ins. Co. v. French*, 555 F. Supp. 3d 273, 277 (E.D. Va. 2021) ("In this [declaratory judgment] case, the value of the object of the litigation is the value of the potential claim against Indian Harbor in the underlying state case."). Because the value to DocuSign of Plaintiff's declaratory judgment claims is clear, this Court need not strive to ascertain the value of those claims to Plaintiff or assess whether the relationship between the Declaratory Judgment Case and the Patent Case creates independent federal question jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Remand to State Court, ECF 16, is DENIED. A separate Order is filed herewith.

Dated: March 2, 2023

                              /s/
                Stephanie A. Gallagher
                United States District Judge